UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BELINDA NUNEZ, et al.,

Plaintiffs,

-against-

WESTCHESTER COUNTY DEPARTMENT
OF SOCIAL SERVICES, et al.,

Defendants.

25-CV-9379 (LTS)

ORDER DIRECTING
REDACTED COMPLAINT AND
REDACTED IFP APPLICATIONS

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs Belinda Nunez and Tony Greenidge bring this action proceeding *pro se*. For the reasons set forth below, the Court directs (1) Nunez and Greenidge to submit a redacted complaint that does not include their three minor children's full names, or any other identifying information; (2) Nunez to submit a redacted *in forma pauperis* ("IFP") application that does not include her three minor children's full names, or any other identifying information; and (3) directs Greenidge to file a complete, amended IFP application.

## DISCUSSION

### A.     Rule 5.2(a)

Plaintiffs submitted a complaint and two IFP applications. The complaint and Nunez's IFP application include the full names of their three minor children.

Rule 5.2(a) of the Federal Rules of Civil Procedure requires parties not to include in their submissions full social-security and taxpayer-identification numbers, full birth dates, a minor's full name, and financial-account numbers. Because federal court filings are generally "available over the internet," filers are required not to include this information. *See* Fed. R. Civ. P. 5.2, Advisory Notes. "The responsibility to redact filings rests with . . . the party . . . making the filing," not the Clerk of Court. *Id.*

"A person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal."[1] Fed. R. Civ. P. 5.2(h).

Here, the complaint and Nunez's IFP application violate Rule 5.2(a) because both submissions include the full names of minors. Accordingly, the Court directed the Clerk of Court to electronically seal these documents, ECF 1, 1-1, and 2. The Court now directs the Clerk of Court to place the paper versions of these documents under seal until further notice. The Court also grants Nunez and Greenidge 30 days' leave to file a proposed redacted complaint that does not include the names of individuals known to be minors, their social security numbers, birth dates, and financial-account numbers. The Court also grants Nunez 30 days' leave to file a redacted IFP application that does not include the above-referenced information.

 If Plaintiffs submit the documents, they should be labeled as (1) a Redacted Complaint and (2) a Redacted IFP Application. Both documents should include the docket number 25-CV-9379 (LTS).

**B.    Amended IFP application**

To proceed with a civil action, plaintiffs must either pay the $405.00 in total fees or, to request authorization to proceed without prepayment of fees, each plaintiff must submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.[2] Plaintiff Greenidge submitted an IFP application, but his responses do not establish that he is unable to pay the $405.00 in fees. Greenidge does not explain how he pays for his expenses and covers his costs. Thus, the Court is unable to conclude

---

[1] A desire to keep financial affairs private is generally insufficient to warrant the judicial sealing of an IFP application. *See*, *e.g.*, *Mitchell v. Mirza*, No. 07-CV-03686 (ILG), 2009 WL 10706571, at *2 (E.D.N.Y. May 6, 2009) (denying motion to seal financial affidavit because plaintiff's financial affairs were central to the determination of his eligibility for appointed counsel).

[2] The $405.00 in fees is comprised of a $350.00 filing fee and a $55.00 administrative fee.

that Greenidge is unable to afford the fees. The Court therefore grants Greenidge 30 days' leave to file an amended IFP complaint that shows he cannot afford the fees. The application must be in compliance with Rule 5.2, as explained above.

**CONCLUSION**

The Clerk of Court is directed to place under seal the paper versions of the complaint (ECF 1 and 1-1) and Nunez's IFP application (ECF 2) for Plaintiffs' failure to comply with Fed. R. Civ. P. 5.2(a). The Court grants (1) Plaintiffs 30 days' leave to file a redacted complaint that does not include the names of individuals known to be minors, social security numbers, birth dates, and financial-account numbers; and (2) Nunez 30 days' leave to file a redacted IFP application that does not include the above-referenced identifying information for her three minor children. The submissions should be labeled as a Redacted Complaint and a Redacted IFP Application, and both should include the docket number 25-CV-9379 (LTS). The Court also grants (3) Greenidge 30 days' leave to file a complete, amended IFP application that, if necessary, is redacted to comply with Rule 5.2. An IFP application is attached to this order.

If Plaintiffs file a redacted complaint and redacted IFP applications, and these submissions do not contain information prohibited by Rule 5.2(a), they will be available on the public docket.

If the submissions include Plaintiffs' own unredacted information, the submissions will be available on the public docket, and the protection of Rule 5.2(a) will be deemed waived.

If a redacted IFP application includes the names of minors (or social security numbers, birth dates, and financial-account numbers for others), the Court will direct that it be filed under seal and will dismiss the action without prejudice for Plaintiff's failure to pay the filing fees or seek leave to have the fees waived.

If the redacted complaint includes the above-referenced information, the pleading will be filed under seal, and the Court will order Plaintiffs to show cause why this action should not be dismissed for failure to comply with this order. *See* Fed. R. Civ. P. 41(b).

No further action will be taken in this case, and no summons shall issue or answer be required, until Plaintiffs comply with this order. If Plaintiffs comply with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If the Court grants the IFP applications, Plaintiffs will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

If Plaintiffs fail to comply with this order or to seek an extension of time to comply within the time allowed, the action will be dismissed without prejudice to refiling.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    June 9, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
(full name of the plaintiff or petitioner applying (each person
must submit a separate application))

-against-

_____

_____
(full name(s) of the defendant(s)/respondent(s))

_____ CV _____ ( ) ( )
(Provide docket number, if available; if filing this with
your complaint, you will not yet have a docket number.)

**APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS**

I am a plaintiff/petitioner in this case and declare that I am unable to pay the costs of these proceedings
and I believe that I am entitled to the relief requested in this action. In support of this application to
proceed *in forma pauperis* (IFP) (without prepaying fees or costs), I declare that the responses below are
true:

1.  *Are you incarcerated?*  ☐ Yes     ☐ No    (If "No," go to Question 2.)
    I am being held at: _____

    Do you receive any payment from this institution?  ☐ Yes   ☐ No
    Monthly amount: _____

    If I am a prisoner, *see* 28 U.S.C. § 1915(h), I have attached to this document a "Prisoner Authorization"
    directing the facility where I am incarcerated to deduct the filing fee from my account in installments
    and to send to the Court certified copies of my account statements for the past six months. *See* 28
    U.S.C. § 1915(a)(2), (b). I understand that this means that I will be required to pay the full filing fee.

2.  Are you presently employed?   ☐ Yes     ☐ No
    If "yes," my employer's name and address are:

    Gross monthly pay or wages: _____

    If "no," what was your last date of employment? _____

    Gross monthly wages at the time: _____

3.  In addition to your income stated above (which you should not repeat here), have you or anyone else
    living at the same residence as you received more than $200 in the past 12 months from any of the
    following sources? Check all that apply.

    (a) Business, profession, or other self-employment     ☐ Yes     ☐ No
    (b) Rent payments, interest, or dividends              ☐ Yes     ☐ No

SDNY Rev: 8/5/2015

|  |  |  |  |  |
|---|---|---|---|---|
| (c) Pension, annuity, or life insurance payments | ☐ | Yes | ☐ | No |
| (d) Disability or worker's compensation payments | ☐ | Yes | ☐ | No |
| (e) Gifts or inheritances | ☐ | Yes | ☐ | No |
| (f) Any other public benefits (unemployment, social security, food stamps, veteran's, etc.) | ☐ | Yes | ☐ | No |
| (g) Any other sources | ☐ | Yes | ☐ | No |

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

If you answered "No" to all of the questions above, explain how you are paying your expenses:

4.   How much money do you have in cash or in a checking, savings, or inmate account?

5.   Do you own any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value held in someone else's name? If so, describe the property and its approximate value:

6.   Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses? If so, describe and provide the amount of the monthly expense:

7.   List all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support (only provide initials for minors under 18):

8.   Do you have any debts or financial obligations not described above? If so, describe the amounts owed and to whom they are payable:

*Declaration:*  I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

_____          _____
Dated                                                          Signature

_____          _____
Name (Last, First, MI)                              Prison Identification # (if incarcerated)

_____          _____
Address                          City                     State          Zip Code

_____          _____
Telephone Number                                  E-mail Address (if available)

IFP Application, page 2